FILED

**NOT FOR PUBLICATION**

JAN 19 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALENTIN ANTONIO RAMIREZ, | No. 10-71731 |
| Petitioner, | Agency No. A094-320-707 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:   BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Valentin Antonio Ramirez, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

withholding of removal and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

We reject Ramirez's claim that he is eligible for withholding of removal based on his membership in a particular social group, namely, victims of organized crime who are unable to avail themselves of the protection of local law enforcement.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a social group "young men in El Salvador resisting gang violence.").  Accordingly, because Ramirez failed to demonstrate that his fear of persecution is on account of a protected ground, we deny the petition as to his withholding of removal claim.  *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").

Substantial evidence supports the agency's denial of CAT relief because Ramirez failed to establish it is more likely than not that he will be tortured with the acquiescence of the government if he returns to El Salvador. *See Santos-Lemus*, 542 F.3d at 748.

We lack jurisdiction to consider Ramirez's collateral attack on his underlying state convictions based on his prior attorney's failure to advise him of the immigration consequences of these convictions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**